# IN THE COURT OF APPEALS OF IOWA

No. 20-0801
Filed May 12, 2021

**CHRISTIAN MUNOZ-GONZALES,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

     Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

     Christian Munoz appeals the summary denial of his third application for postconviction relief.  **AFFIRMED.**

     Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

     Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

     Considered by Bower, C.J., Ahlers, J., and Mahan, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BOWER, Chief Judge.**

Christian Munoz appeals the summary denial of his third application for postconviction relief (PCR).[1]  The district court did not err in concluding Munoz's claims are barred by Iowa Code section 822.3 (2019).  We therefore affirm.

On direct appeal from Munoz's convictions for first-degree murder and first-degree robbery, we provided this factual background:

> On Saturday, May 28, 2005, authorities were alerted to a car accident on the south side of Des Moines.  A white Cadillac had jumped the curb and struck a tree.  An unconscious man, later identified as Anthony Anania, was in the driver's seat.  He was rushed to the hospital where medics discovered he had suffered two gunshot wounds to his lower chest and abdomen.  Shortly thereafter, Anthony died from the internal injuries caused by the gunshot wounds.  At the time of his death, Anthony was carrying a small amount of marijuana and had a sock containing $11,400 stuffed in his shorts between his legs.

*Munoz*, 2009 WL 1913690, at *1.  At the subsequent jury trial, circumstantial evidence showed Munoz shot Anania during a drug transaction.  *Id.*  He was sentenced to a life-without-parole sentence on the murder charge and a consecutive sentence of twenty-five years on the robbery charge.  We affirmed his convictions on appeal, and procedendo issued on August 3, 2009.

Munoz filed his first PCR application on August 2, 2010, alleging ineffective assistance of trial counsel in a several respects, including "appellate counsel was ineffective in failing to assert on appeal he was entitled to a new trial because the

---

[1] We note the numerous court proceedings have identified with a number of names: his appellate attorney uses Christian Geovanni Gonzales Munoz, other filings note Christian Munoz-Gonzales and Christian Munoz-Gonzalez.  We will refer to the name applicant used when signing his PCR application—Christian Munoz—which is the name used in the original underlying criminal proceedings. *See State v. Munoz*, No. 06-1838, 2009 WL 1913690 (Iowa Ct. App. 2009).

jury was permitted to convict him of first-degree murder based on the supreme court's decision in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006)."[2] The application was denied on the merits on June 27, 2012. We affirmed on appeal. *See Munoz v. State*, No. 12-1368, 2014 WL 69519, at *7 (Iowa Ct. App. Jan. 9, 2014). The *Heemstra* claim was not developed at the PCR hearing and was therefore not preserved for appellate review. *Id.* ("Because the PCR court did not address this claim and there was no post-ruling motion seeking a decision from the court on this issue, we find the issue has not been preserved for our review.").

Munoz filed his second PCR application on March 28, 2014, alleging prior PCR and appellate counsel were ineffective in failing to pursue a *Heemstra* claim

---

[2] The *Heemstra* case overruled precedent when it held:

> [I]f the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes. In reaching this conclusion, we agree that we should not attribute to the legislature an intent to "create[ ] an ever-expanding felony murder rule" by characterizing every willful injury as a forcible felony for felony-murder purposes.

721 N.W.2d at 558.

*Heemstra* was decided after Munoz's jury trial but before judgment was entered. A felony-murder jury instruction was given at Munoz's trial with the predicate felony being robbery in the first degree. Our supreme court has rejected attempts to extend *Heemstra* to include the predicate felony of first-degree robbery and to bar its use for adolescent defendants. *See State v. Harrison*, 914 N.W.2d 178, 196 (Iowa 2018) ("Further, Harrison misrepresents the felony-murder rule in his argument that it is premised on the ability to foresee danger. Though the inherent dangerousness of the forcible felonies encompassed within the felony-murder rule may make certain killings foreseeable, the felony-murder rule encompasses unforeseeable crimes. The premise of the rule is that there are certain felonies that 'are so inherently dangerous that proof of participating in these crimes may obviate the need for showing all of the elements normally required for first-degree murder.' *Robbery, especially armed robbery, requires the use of force and is 'so inherently dangerous' that participating in it as the principal or aider and abettor in the manner that Harrison did carries with it an undeniable prospect of grave harm to the life of others.*" (emphasis added) (citation omitted)).

and thus he was entitled to a new trial. He also asserted he was seventeen years of age at the time of the offense, and therefore, his sentence was illegal under new juvenile sentencing rules. The district court granted partial summary judgment to the State on the *Heemstra* issue on July 22, 2015, finding it was untimely raised. On March 30, 2016, the court issued its ruling on the remaining PCR claim, found Munoz was seventeen years old at the time of the offense,[3] and ordered Munoz resentenced pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014). No appeal was filed.

Munoz was resentenced on February 17, 2017. He appealed the sentence, which we affirmed. *See State v. Munoz*, No. 17-0361, 2018 WL 1433697, at *1–2 (Iowa Ct. App. Mar. 21, 2018).

Munoz filed this third PCR application on March 6, 2019, contending counsel in his second PCR action was ineffective in two ways. First, he asserted counsel was ineffective in failing to seek reinstatement of an original plea bargain offered by the State upon resentencing because he was a juvenile at the time of the original offense.[4] As a second ground, Munoz asserted counsel was ineffective "in failing to advance the argument that *State v. Heemstra* applies to his case, for exhaustive purposes for future appellate review."

The district court granted the State's motion to dismiss, finding "his petition is barred by the three-year statute of limitations." Munoz appeals, arguing his

---

[3] When arrested, Munoz reported a birth date indicating he was eighteen years old. However, Munoz had no birth certificate.

[4] Munoz argued: "[W]ith the benefit of current science we now know that petitioner according to legal standards was not able to execute a knowing and voluntary wavier of the plea agreement when being given advice from counsel with ulterior motives." He cites no authority for this proposition.

claims are not time-barred as they were raised within three years of the resentencing ruling.

Because this appeal is based on an issue of statutory interpretation, our review is for correction of errors at law. *Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020).

Iowa Code section 822.3 provides PCR applications "must be filed within three years from the date the *conviction* or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." (Emphasis added.) "This word choice implies, necessarily, that the term 'conviction' refers to the kind of conviction that is final." *Sahinovic*, 940 N.W.2d at 361. Our supreme court has stated "a resentencing does not bring about a new limitations period for attacking a conviction."[5] *Id.* at 360.

Grabbing on to the word "decision" in section 822.3, Munoz attempts to avoid the three-year limitation period:

> Mr. Munoz is alleging that his second [PCR] counsel provided ineffective assistance. Mr. Munoz is not challenging his original conviction and ineffective assistance by his original trial counsel, he is challenging his resentencing and ineffective assistance by his post-conviction counsel with respect to the resentencing.

---

[5] The court explained:

> To be clear, it would be a different situation if a resentencing had been ordered as part of a *direct appeal.* In that event, we believe both the conviction and the sentence do not become final for Iowa Code section 822.3 purposes until the defendant is resentenced. However, where the defendant files either an application for postconviction relief resulting only in a resentencing or a motion to correct an illegal sentence resulting in a resentencing, the conviction has never ceased to be final and the section 822.3 clock does not restart.

*Sahinovic*, 940 N.W.2d at 361 n.3.

We note nothing in Munoz's petition challenges his resentencing. Whatever his current framing of the application, he is attacking his underlying convictions.

Moreover, section 822.3 forecloses his attempt to pin his hopes on ineffective assistance of his second PCR counsel. "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3.

Munoz's conviction was final when procedendo issued on August 3, 2009. The district court did not err in finding Munoz's third PCR application was time-barred when filed ten years after procedendo issued.

**AFFIRMED.**